The **FLUOR CORPORATION**, a foreign corporation, and Graver Tank Company, a foreign corporation, Appellants,

v.

Gerald T. **BLACK** and Gladys I. Black, husband and wife, Appellees.

No. 19401.

United States Court of Appeals Ninth Circuit.

Nov. 5, 1964.

Robert A. May, May & Dees, Tucson, Ariz., for appellant Graver Tank Co.

Robert O. Lesher, Lesher, Kimble & Lindamood, Tucson, Ariz., for appellant Fluor Corp., Ltd.

William E. Netherton, Tucson, Ariz., for appellees.

Before BASTIAN, sitting by designation, HAMLIN and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

In this diversity action appellee[1] has secured a judgment against both appellants for personal injuries sustained by a fall. The accident occurred at a missile site in Arizona during a period of construction. Appellant Fluor was the general contractor on the construction job and appellant Graver was one of its principal subcontractors.

Appellee was an employee of another subcontractor whose function was to deliver drinking water to the construction site. On April 3, 1961, at about 8 o'clock P. M., he was injured while delivering water to site No. 8. The site was under construction and there was loose dirt and fill in the area where the missile pit had been dug and was being filled in. Appellee's job required him to service a water stand located at one side of the missile pit. He found his normal route to the position of the stand blocked by I-beams and other structural steel lying on the ground and by a crane and by some large drums. He then discovered that he could reach the water stand by stepping over one of the I-beams. Carrying a ten-gallon can filled with ice and water he attempted to do so and fell backward and in so doing injured his back. The area in question was lighted by lights mounted on four poles. At the moment of appellee's injury the lights on one pole were not burning. Appellee could and did, however, see the I-beam and stepped over it intentionally.

*Fluor's Appeal.*

Appellee alleged negligence on the part of Fluor in four respects: (a) failure to

---

1. This has reference throughout the opinion to appellee Gerald T. Black.

locate the water stands to be serviced by appellee in a reasonably safe and accessible place; (b) failure to provide a reasonably safe place for appellee to work; (c) negligent maintenance of the premises at site No. 8; (d) failure to provide adequate lighting.

Upon this appeal appellant appears to treat the case as though it were limited to the last three allegations of negligence.

■ 1. Appellant contends that "there was no evidence sufficient to establish a prima facie case of negligence in Fluor and specifically no actual or implied notice to it of any dangerous condition," and thus that the District Court erred in not granting its motion for a directed verdict.

We cannot agree. The evidence clearly establishes that appellant had assumed the duty of locating the water stands throughout the various construction sites at safe and accessible places. Appellant had discussed the matter of the location of the stands with appellee's employer and the hazard resulting from locating them in places of congestion was recognized. Where the water stands were inaccessibly located appellant had assumed the responsibility of bringing the water cans from their stands to a more accessible location so that they could be serviced. About a week and a half before the accident appellee had asked appellant's superintendent at site No. 8 that this service be performed with respect to the water stand at that site, advising that he considered the situation there to be hazardous.

■ 2. Appellant contends that it was error to admit testimony of appellee and his boss with reference to earlier difficulties in servicing cans at site No. 8 and problems encountered at other sites. Appellant asserts that this testimony was irrelevant, since it had no relation to conditions existing at site No. 8 at the time of the accident.

In our judgment it was highly relevant to appellee's first allegation of negligence. Conditions at the site at the time of the accident could be inferred from such evidence. 2 Wigmore, Evidence § 437 (1940).

■ 3. Appellant contends that it was error to admit in evidence its contract with the United States Corps of Engineers, its written safety program, the Corps of Engineers' safety manual and the Construction Safety Code of the Arizona Industrial Commission. Appellant contends that since appellee was not a party or privy to its contractual obligations with reference to safety measures, under Arizona law he cannot claim through such commitments a breach of any duty owing to him.

Under the circumstances of this case we feel that there is no merit to this contention. These documents were admitted as some evidence of the appropriate standard of care and not to establish a breach of contract. Union Pac. R. Co. v. Blank (8 Cir. 1948) 167 F.2d 291, 297.

■ 4. Appellant asserts error in the refusal of the District Court to give its proposed instructions to the effect that its duty of care as occupier of land to a business invitee was conditioned upon knowledge or notice of the dangerous conditions.

All parties had taken exception to the District Court's rejection of instructions which all parties had proposed upon the subject of the duty of care owing to a business invitee by the occupier of land. In rejecting them the Court explained that it was its understanding of the general pretrial consensus that the case would be more comprehensible to the jury if it were presented on the basis of simple negligence and that it should not be confused by injecting into it the nature of the duty owed by an occupier of land to an invitee or by a construction contractor to his workmen.

As applied to appellee's first allegation of negligence the Court's position may well have been justified and instructions on the rights of a business invitee may well have been inappropriate. The ques-

tion was not whether, in the light of the relationship between the parties, a duty had arisen on the part of appellant to locate the water stands in a reasonably safe place. The evidence is clear that appellant had assumed that duty. The question was whether appellant had been negligent in the manner in which it was carried out.

But be that as it may, appellant's instructions were but a small part, and not the whole of the applicable law relating to recovery by a business invitee. Their exclusion might well have been prejudicial had appellees' proposed instructions on this subject been given. Without those instructions, however, appellant's instructions standing alone not only were inappropriate; they were incomplete. They gave inadequate consideration to the higher standard of care owing to a business invitee, Restatement, Torts § 343 (1934). If anyone was prejudiced by the Court's failure fully to present the case to the jury on this basis, it was appellee and not appellant.

Error also is asserted in the Court's rejection of other proposed instructions. In our judgment the instructions as given sufficiently covered the points presented.

Judgment against appellant Fluor is affirmed.

*Graver's Appeal.*

■ Graver, as subcontractor, was engaged in erecting structural steel at site No. 8. Appellee's theory of negligence was based on Graver's "housekeeping" duty to maintain the site of its operations free from litter, with structural materials properly stacked and equipment properly stationed.

There was no evidence, however, that the housekeeping at site No. 8 was Graver's responsibility and accordingly, nothing from which negligence on the part of Graver could be found.

Judgment against appellant Graver is reversed.